KIEBLER REALTY CO. v. MILLER

Ohio Appeals, 6th Dist., Lucas Co.

No. 1825.   Decided Feb. 21, 1927

313. CORPORATIONS—Where president is authorized, by regulations of stockholders, to sign deeds and similar papers for sale of real estate, the tender to purchaser of real estate, of deed properly signed, is commensurate with such authorization and the transaction need not be ratified by the Board of Directors.

**First Publication of this Opinion**

WILLIAMS, J.

The George J. Kiebler Co. was issued articles of incorporation in 1922 showing that the corporation was formed for the purpose of buying, selling, and dealing in real estate subject to 8648-8650 GC. Kiebler was elected a member of the Board of Directors and President. Among the regulations adopted, it was provided that "the president shall - - - sign all certificates of stock, deeds, mortgages and other similar papers, etc. - - -"

Alfred Miller contracted with the Company for the purchase of certain property and a warranty deed was executed by the Company by George J. Kiebler, President, and Herbert Sitzenstock, Secretary. Miller, the purchaser, refused to accept the deed and carry out the contract. An action was brought in the Lucas Common Pleas by the Company against Miller for specific performance. The prayer of the petition was denied, and the Company appealed the case.

It was contended that the contract was insufficient in form to bind Miller; and that the Company could only sell real estate and execute and deliver a deed to the purchaser by lawful action of the Board of Directors authorizing and approving such sale; and the deed in not reciting authority for that purpose from the Board, is defective.

The Court of Appeals held:—

1. The agreement constituted a valid and enforcible contract between the parties and as to the form, was sufficient in law to be binding upon both of them.

2. The deed of a corporation which is in due form, carries with it a presumption of authority for its execution. Rd. Co. v. Harter, 26 OS. 426; Bank v. Flour Co., 41 OS. 552, 557.

3. However that may be, the regulation adopted by the stockholders expressly authorized the president to sign deeds and similar papers; therefore Kiebler would have the power to have his signatures acknowledged before a notary public and have performed other things incidental to the signing and complete executions thereof.

4. The sale of the property by the president and consummation thereof by execution of proper instruments was within the authority of that officer, and he being the managing officer of the corporation, would have power to make sales without having each separate transaction expressly ratified by the Board of Directors.

The Company is entitled to specific performance.

Decree accordingly.

(Richards & Lloyd, JJ., concur.)

Attorneys—Seeley & Wolfe for Company; Stephen Brophy for Miller; all of Toledo.